## FRED BARROW v. THE STATE.

No. 19702.   Delivered May 4, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*W. Ray Scruggs,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $100.00.

The prosecution proceeded under subdivision 3(c) of Article 1, House Bill No. 5, enacted at the Regular Session of the 45th Legislature. We quote the section as follows:

"It shall be unlawful for any person to whom a Wine and Beer Retailer's Permit or Beer Retailer's License has been issued or any officer, agent, servant, or employee thereof to have in his possession on the licensed premises, any distilled spirits or any liquor containing alcohol in excess of fourteen (14) per centum by volume."

Section 3(d) of Section 1 of said article provides: "Any person who violates any portion of this Section shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by fine of not less than One Hundred Dollars, ($100) nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than one year. Any person who is twice convicted under the provisions of this Section shall for the second and all subsequent offenses be punished by fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1,000), and by confinement in the county jail for not less than thirty (30) days nor more than one year."

It is manifest that the court was not in error in instructing the jury that the minimum penalty was one hundred dollars.

Appellant operated a beer and wine tavern under a retail dealer's license. On the 10th of September, 1937, an inspector of the Texas Liquor Control Board entered the tavern and bought a bottle of soda water. According to his testimony he observed appellant sell a drink of whisky to one of his customers. Appellant got the bottle out of a safe and poured the whisky into a glass. The customer drank the whisky, handed appellant a dollar and received eighty cents in change. After serving the drink appellant returned the bottle to the safe. Shortly thereafter another inspector entered the tavern and discovered in the safe a half pint bottle about half full of whisky.

Appellant testified that a physician had advised him to use the whisky on some rash on his hands and feet. He denied that he had sold whisky to anyone. He introduced testimony corroborating his version of the transaction.

Appellant contends that the testimony fails to show that he was operating under a retail beer and wine dealer's license. We are unable to agree with this contention. We find in the statement of facts a copy of a permit regularly issued to appellant showing that he was authorized to sell beer and wine containing not more than fourteen per cent. of alcohol by volume on his licensed premises. Appellant admitted that he was engaged in such business, and there was other testimony that he was selling beer at the place in question.

We deem the evidence sufficient to support the conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant lays down the doctrine, in his motion, that the permit under which appellant was operating his place of business, and which authorized him to sell wine and beer to be consumed on the premises, was not a valid permit, nor one such as is authorized by law. In other words, because this permit only authorized the sale of such liquor on the premises, that same is no permit,—is void, and this prosecution must therefore fall.

The law gives the Liquor Control Board authority to grant a permit to sell liquors of not more than 14 per cent. in alcoholic content for consumption *on* the premises, and also allows such Board to grant permits to sell such liquors to be consumed *off* the premises.

Evidently such is the purpose of the law as evidenced by Article 666-3(c), 1938 Supplement Penal Code, Vernon's Texas Statutes, which provides it shall be unlawful for any person authorized to sell wine or beer for consumption on the premises where sold to have in his possession on such premises any distilled spirits, etc., it evidently being in contemplation of the law-makers that such permits would be issued limiting the consumption of such liquors to the premises where sold.

We also find in Article 666-15(16), same volume, the following:

"The Board is authorized to issue Wine and Beer retailers permits. The holders of such permits shall be authorized to sell for consumption on or off the premises where sold, but not for resale, vinous and malt beverages containing alcohol in excess of one-half of one per cent by volume, and not more than fourteen per cent of alcohol by volume."

We are unable to see any merit in appellant's contention that this permit is invalid.

His motion will be overruled.